IVORY M. WHITE AND HUSBAND, DAVID WHITE, JR. v. EARL RAY ASKEW AND WIFE, CATHERINE ASKEW; EMMA ASKEW TAYLOR AND HUSBAND, JAMES TAYLOR; FRANCES ASKEW HOGGARD AND HUSBAND, FRANK HOGGARD; NEAL ASKEW AND WIFE, BARBARA ASKEW; CLARENCE TAYLOR AND WIFE, HATTIE L. TAYLOR; KELLY SAUNDERS AND WIFE, OLA MAE SAUNDERS; CARLTON MITCHELL; GLORIA BAXTER AND HUSBAND, JESSIE BAXTER; GRACE ASKEW; AUDREY ASKEW; JANICE RAE ASKEW; SHIRLEY RUTH ASKEW; MILTON DAVIS ASKEW; WRIGHT ASKEW, JR. AND WIFE, MARY ANN ASKEW; AND FLETCHER MAE ASKEW

No. 756SC492

(Filed 17 December 1975)

Partition § 8— sale for partition — determination of ownership

In an action to sell land for partition, the trial court properly determined that petitioners had no interest in one of the tracts.

APPEAL by petitioners from *Winner, Judge.* Judgment entered 20 March 1975 in Superior Court, BERTIE County. Heard in the Court of Appeals 24 September 1975.

Petitioners started a special proceeding to sell certain land for division among the several tenants in common. Respondents denied that petitioners had any interest in one of the tracts. The case was then transferred to the civil issue docket where it was tried by the judge without a jury. The judge made findings of fact and entered judgment consistent with respondents' contention that petitioners had no interest in the disputed tract.

*Leroy, Wells, Shaw, Hornthal, Riley & Shearin, P.A., by J. Fred Riley, for petitioner appellants.*

*Gillam & Gillam, by M. B. Gillam, Jr., for defendant appellees.*

VAUGHN, Judge.

Neither the bench nor the bar could benefit from a recital of the history of the title to the land in question. Petitioners entered no exceptions to the court's findings of fact. The findings of fact supported the conclusion of law. Moreover, the undisputed facts would have required the judge to reach the identical conclusion of law.

The judgment is affirmed.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.